# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RAMON VALENZUELA-LIZARRAGA, ) | |
| ) | **ORDER,** |
| Petitioner, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:10CV943 |
| ) | 1:09CR285-1 |
| Respondent. ) | |

Petitioner Ramon Valenzuela-Lizarraga, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 15).[1] Petitioner was charged with, and later pled guilty to, illegal reentry following deportation by an aggravated felon in violation of 8 U.S.C. § 1326(a) & (b)(2) (docket nos. 8, 11, 12). He was sentenced to 46-months imprisonment (docket no. 14). Petitioner did not file a direct appeal, but instead filed his current motion under 2255. In that motion, he raises two claims for relief. The first claim alleges that he received ineffective assistance of counsel because his attorney failed to raise viable arguments in favor of a lower sentence. The second claims that counsel was also ineffective because he failed to consult with Petitioner about an appeal following sentencing.[2] Respondent has filed a response seeking to have Petitioner's claims

---

[1] This and all further cites to the record are to the criminal case.

[2] Petitioner's motion lists a third claim for relief, but the claim is really only a request for an evidentiary hearing. It is not a separate claim for relief.

denied (docket no. 23). Despite being advised of his right to file a reply brief (docket no. 24), Petitioner has not done so. Petitioner's 2255 motion is now ready for decision.[3]

## **DISCUSSION**

Petitioner's first claim for relief alleges ineffective assistance of counsel at sentencing. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

---

[3] There is also one additional motion pending in the case. Respondent earlier sought an extension of its time to file its response (docket no. 19). That motion is granted and the response will be considered timely filed.

Here, according to the Presentence Report (PSR), Petitioner faced a sentencing range under the United States Sentencing Guidelines of 37- to 46-months imprisonment. The PSR recommended that Petitioner be sentenced high in that range because he previously had been deported twice, he reentered soon after his second deportation, he had two prior convictions (one of which was a serious felony) which were not counted into his criminal history due to age, and he had two driving while impaired convictions in the prior ten years. The PSR stated that a sentence high in the Guidelines range was necessary to deter future criminal conduct and yet another illegal reentry into the United States. (PSR Recommendation.)

Counsel argued at sentencing that Petitioner should receive a sentence at the low end of the Guidelines range because he had lived in the United States for a long time without having an overly serious criminal record, he had once been in the country legally, he had maintained employment, and he was facing deportation following his sentence (docket no. 21 at 5-6). The sentencing judge then responded to the argument by expressing a serious concern that Petitioner would return to the United States after deportation. He based this on the fact that Petitioner had already shown a propensity to reenter and on the fact that it appeared he had two children who would remain in the United States, possibly creating a reason for Petitioner to return (*id.* at 6-8). Counsel answered that the prison sentence in this case, a circumstance Petitioner had not faced in the past, would act as a deterrent to his

returning to this country (*id.* at 8). The prosecutor then asked for a sentence high in the Guidelines range based on the reasoning set out in the PSR recommendation and the sentencing judge's concern about Petitioner reentering the country to see his children (*id.* at 8-9). Given the chance to speak, Petitioner apologized for his crime and promised not to return to the country without proper documentation (*id* at 9).

Petitioner was then sentenced to 46-months imprisonment, which was the high end of the Guidelines range. In imposing the sentence, the sentencing judge stated that it was based on the fact that Petitioner had twice committed crimes and been deported, only to return again, and that he posed a danger to the public by driving while intoxicated on two occasions and dealing drugs on two occasions (*id.* at 10-11).

In his brief supporting his 2255 motion, Petitioner claims that counsel failed to argue that other defendants convicted of the same crime had received lower sentences ranging from 12 to 36 months, failed to argue that defendants in other courts had benefitted from "fast-track" programs that allowed for shorter sentences and quicker deportation, failed to point out that Petitioner would not be eligible to serve any of his sentence in a halfway house or minimum security facility due to his status as a deportable alien, and failed to argue that Petitioner might face additional detention while awaiting immigration proceedings following the service of his sentence.

In support of his first proffered sentencing argument, Petitioner cites the following cases as being examples of other persons who were convicted of illegal reentry and given lower sentences than Petitioner: *United States v. Mendoza-Mendoza*, 597 F.3d 212 (4th Cir. 2010) (46-month sentence vacated and remanded because sentencing judge treated Guidelines range as quasi-mandatory), *United States v. Martinez-Marcia*, 472 F.3d 1216 (10th Cir. 2007) (36-month sentence), *United States v. Tzep-Mejia*, 461 F.3d 522 (5th Cir. 2006) (12-month sentence), and *United States v. Varga Garcia*, 434 F.3d 345 (5th Cir. 2005) (27-month sentence). He states that the lower sentences in these cases could have been pointed to as supporting a lower sentence in his own case. This is incorrect for multiple reasons.

First, the defendant in *Mendoza-Mendoza* illegally reentered the United States more than once and had two children and a common law wife in the United States. His case is strikingly similar to Petitioner's and he received exactly the same sentence as Petitioner. It is true that the case was remanded on appeal, but it was for reasons having nothing to do with the length of the sentence.[4] In no way could that case have helped Petitioner.

As to the other cases, Petitioner has done nothing more than selectively pick a few cases where a defendant was given a low sentence following a reentry after deportation conviction. This approach ignores cases where defendants have

---

[4] In fact, the 46-month sentence was reimposed on remand and was later upheld on appeal. *United States v. Mendoza-Mendoza*, Case No. 4:08CR32-BR-1, Docket Nos. 36, 43-44 (E.D.N.C. May 14, 2010 and February 18, 2011) (unpublished).

received higher sentences for that crime. *See United States v. Burgos*, 539 F.3d 641 (7th Cir. 2008) (57-month sentence); *United States v. Calderon-Segura*, 512 F.3d 1104 (9th Cir. 2008) (94-month sentence); *United States v. Pereira*, 465 F.3d 515 (2d Cir. 2006) (62-month sentence). There is no overall disparity.

Finally, Petitioner's case is distinguishable from those he cites. None of the defendants in those cases, with the exception of *Mendoza-Mendoza*, had reentered twice after deportation as Petitioner had. Also there is no sign that the defendants in the other three cases had family that would remain behind and tempt them to return yet again. Because the cases cited by Petitioner would not have helped his cause at sentencing, his attorney did not fail him by not raising them and he cannot demonstrate prejudice.

Petitioner's other arguments also fail. He believes that his attorney should have based an argument on disparities between his sentence and those in fast-track districts. To the contrary, the Fourth Circuit has held that prisoners cannot receive lower sentences in non-fast-track districts based on disparities between those districts and the districts where the program is offered. *United States v. Perez-Pena*, 453 F.3d 236 (4th Cir. 2006). He also claims that his attorney should have pointed out that he would not be allowed to serve any of his sentence in a halfway house or minimum security facility and that he might face further detention while awaiting immigration proceedings following his prison sentence. At least one court in the Fourth Circuit has examined a similar issue and concluded persuasively that no

ineffective assistance of counsel occurred for failing to raise these arguments in favor of a downward departure. *See United States v. Holguin*, 16 F. Supp. 2d 595, 600-01 (D. Md.1998) (discussing issue, collecting cases, and concluding in accord with the majority rule that no ineffective assistance occurred). Although Petitioner's counsel could have perhaps used these points to argue for lower sentence within the applicable Guidelines range, as opposed to seeking a downward variance, there is still no sign that the arguments would have succeeded. They would not have addressed the sentencing judge's real concerns, which were that Petitioner had been deported and reentered this country on multiple occasions and that he had family here that might induce him to reenter yet again. Petitioner's belief that the arguments he proffers could have changed his sentence in light of these facts is nothing more than speculation. He cannot meet the performance or prejudice requirement of an ineffective assistance claim. Petitioner's first claim for relief should be denied.

Petitioner's second claim is that counsel did not consult with him about an appeal and advise him of the advantages and disadvantages of filing one following sentencing (docket no. 17). The Supreme Court has held that the dual performance and prejudice inquiry of *Strickland* provides the proper framework for analyzing a claim that counsel was ineffective for failing to file a notice of appeal or properly consult with a defendant regarding an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Consultation about an appeal is constitutionally required "'when there

is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" *United States v. Cooper*, 617 F.3d 307 (4th Cir.), *cert. denied*, 131 S. Ct. 808 (2010) (quoting *Roe*, 528 U.S. at 480).

Here, Petitioner claims in his motion, memorandum, and sworn affidavit, that counsel did not consult with him about an appeal. Counsel has filed his own affidavit in which he states that he did consult with Petitioner about an appeal both before and after sentencing and that he advised him that he could find no non-frivolous issue for appeal. He claims that Petitioner agreed that no appeal should be filed (docket no. 23, attach 1). The parties' competing affidavits create an issue of disputed fact regarding whether or not counsel actually did consult with Petitioner regarding an appeal after sentencing. Nevertheless, no evidentiary hearing is necessary because the claim may be decided on other grounds.

Assuming for the sake of argument that counsel did not consult with Petitioner regarding an appeal following sentencing, Petitioner still cannot demonstrate ineffective assistance of counsel because consultation was not constitutionally required under circumstances of this case. Petitioner pled guilty, has never denied his guilt, and was sentenced within the applicable Guidelines range as set out in the PSR prior to sentencing. Not only this, but the PSR had recommended a sentence at the top of the applicable range. Also, counsel states, and Petitioner has not

denied, that he talked with Petitioner before sentencing and advised him to expect a sentence within the proposed Guidelines range (*id.* at 2.) Although counsel and Petitioner both may have hoped for a sentence lower within that range, the sentence was not a surprise and was not legally deficient so that it would have been open to a nonfrivolous attack on appeal. Also, Petitioner does not claim that he asked counsel to file an appeal or that he indicated to counsel in any way, either before or after sentencing, that he would be interested in appealing his case. This is despite the fact that he was advised at the end of the sentencing proceeding that he had a right to appeal (docket no. 21 at 13).

As the Fourth Circuit recently noted:

> [W]here counsel consults with a client and establishes expectations about the consequences that are likely to follow from a guilty plea, it is 'difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal,' if (1) those expectations are met, (2) the defendant does not express any interest in appealing, and (3) counsel concludes that there are no nonfrivolous grounds for appeal.

*Cooper*, 617 F.3d at 314, quoting *Roe*, 528 U.S. at 479. This closely describes the case before the court. Therefore, while post-sentencing consultation may always be the best practice for a criminal defense attorney, counsel in the present case did not provide constitutionally deficient representation even if Petitioner's version of events is accepted. *Id.* Petitioner's second claim for relief should also be denied. No evidentiary hearing is required.

**IT IS THEREFORE ORDERED** that Respondent's motion for an extension of time (docket no. 19) is **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 15) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
August 26, 2011